# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 9, 2009

Charles R. Fulbruge III
Clerk

No. 09-10191

In re: James Edward Martinez,

Movant,

On Motion for Authorization to File
Successive Petition for Writ of Habeas
Corpus in the United States District Court
for the Northern District of Texas, Fort Worth

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

James Edward Martinez, who is scheduled for execution tomorrow, March 10, 2009, moved for a stay of execution and for an order authorizing the filing of a successive petition for writ of habeas corpus pursuant to 28 U.S.C. § 2244(b)(3)(C). Martinez's motion is supported by an affidavit from a witness, Monique Walker, which Martinez alleges demonstrates that he is actually innocent of the murders he stands convicted of committing. Even if we assume that a claim of "actual innocence" would support habeas relief in an appropriate

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

case, Martinez's claim based on actual innocence is patently inadequate. We therefore DENY both Martinez's motion for stay of execution and for authority to file a successive petition for writ of habeas corpus.

I.

Most of the procedural history of this case is set out in our March 31, 2006 opinion denying a certificate of appealability seeking to appeal the district court's denial of habeas relief. Following our March 2006 ruling, the Supreme Court denied Martinez's petition for certiorari on October 16, 2006.

On February 17, 2009, Martinez filed an application for leave to file a subsequent writ of habeas corpus in the Texas Court of Criminal Appeals. The Texas court dismissed Martinez's application as an abuse of the writ. *Ex parte James Edward Martinez*, No. 59,313-03 (Tex. Crim. App. Feb. 26, 2009). On March 6, 2009, Martinez filed in this court his motion for stay of execution and for an order authorizing filing of his second petition for writ of habeas corpus.

II.

The facts of Martinez's offense are set forth in our March 31, 2006 opinion. In summary, Martinez was convicted of shooting Sandra Walton and Michael Humpreys in west Fort Worth, Texas on the night of May 20, 2000. The state presented evidence that on that same night, Martinez met his friend, Casey Ashford, at a farm where he was staying and delivered a black canvas bag containing a number of items including the murder weapon. Ashford testified that he buried the bag, although he later disclosed its location to the police. At trial, Martinez tried to blame the murders on Ashford. More importantly for purposes of Martinez's current motions, he produced at trial the testimony of his mother and step-brother who testified that he had been at home on the night of the murders.

As indicated above, Martinez's motion for stay of execution and authorization to file a successive habeas application are predicated on a one-page

2

affidavit from Monique Walker. Ms. Walker asserts in her affidavit that on the night of the murders she was in the south Fort Worth home petitioner shared with his mother, Marta Martinez, and his step-brother, Curtis Faulkner. Ms. Walker asserts she was in the bedroom with Martinez's step-brother, Curtis Faulkner, which was located next to Martinez's bedroom. She asserts that she knows that Martinez was in the adjoining bedroom that night because he repeatedly banged on the wall separating the two bedrooms and complained of the volume of Curtis Faulkner's music. She also asserts that she did not come forward earlier because at the time of the murders she was only 15 years old, was involved in a sexual relationship with Curtis Faulkner and was concerned that Faulkner would be in serious trouble if her parents or law enforcement officials were aware that they were involved in a sexual relationship.

### III.

Section 2244(b)(2) requires:

A claim presented in a second or successive federal habeas corpus application . . . that was not presented in a prior application shall be dismissed unless--

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(West 2008).

Martinez does not argue that his claim relies on a new rule of law that was previously unavailable. Instead, he asserts that the evidence he now presents could not have been discovered previously through the exercise of due diligence. Martinez bases this assertion only on the fact that "Mrs. Walker did not fully appreciate the seriousness of the charges against Mr. Martinez due to her youth" and failed to come forward until now because "she feared the recriminations of her parents and other adults because she was engaged in a sexual relationship with Mr. Martinez's brother, Curtis Faulkner, who was an adult."

## IV.

The state asserts a number of legal reasons we should deny Martinez's motions: (l) the successive petition is time barred under 28 U.S.C. § 2244(d); (2) given the rejection of Martinez's claim by the Texas Court of Criminal Appeals as an abuse of the writ, Martinez's federal claim is procedurally defaulted; and (3) claims of actual innocence based on newly discovered evidence do not as a matter of law provide a basis for federal habeas relief.

We find it unnecessary to reach these legal arguments advanced by the state because even if Martinez prevails on all of these arguments, we conclude that the facts asserted in Monique Walker's affidavit when viewed in light of the evidence as a whole, would not be "sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B)(ii).

Monique Walker's assertion that Martinez was at home on the night of the murders is neither new evidence nor evidence that was not presented at trial. Both Martinez's step-brother, Curtis Faulkner, and his mother testified that Martinez was at home that night. In fact, Faulkner testified to the exact same fact that Walker now attests: that he knew Martinez was home all night because he was banging on the wall that separated their rooms and yelling at Faulkner

to turn his music down. Monique Walker's affidavit at best only bolsters the testimony of Faulkner and Martinez's mother. In light of the overwhelming evidence of Martinez's guilt, the jury obviously rejected the testimony of Faulkner and Martinez's mother. Under these circumstances, Martinez cannot meet his burden of demonstrating that no reasonable juror would have convicted him had Monique Walker produced the evidence at trial that she asserts in her affidavit, which is largely cumulative of evidence the jury rejected. *See House v. Bell*, 547 U.S. 518, 536-39 (2006); *Graves v. Cockrell*, 351 F.3d 143, 152-53 (5th Cir. 2003).

For the reasons stated above, we DENY Martinez's motion to file a successive writ of habeas corpus. We also DENY Martinez's motion to stay his execution.